## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **MARANDA A. REYNOLDS d/b/a Springfield Cannabis Regulation, SHOW-ME CANNABIS REGULATION, INC. and AMERICAN VICTORY COALITION, INC.** ) ) ) ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **CITY OF SPRINGFIELD, MISSOURI, and Its** ) | **(JURY TRIAL DEMANDED)** |
| **Duly Elected Officials Individually and By and Through Its Duly Elected Officials In Their Official Capacities** ) ) ) | |
| **BOB STEPHENS, Mayor,** ) | |
| **GREG BURRIS, City Manager,** ) | |
| **JEFF SIEFRIED, Zone 1 Councilmember,** ) | |
| **CINDY RUSHEFSKY, Zone 2 Councilmember,** ) | |
| **JERRY COMPTON, Zone 3 Councilmember,** ) | |
| **JOHN RUSH, former General B Councilmember,** ) ) | |
| **DOUG BURLISON, General C Councilmember,** ) | |
| **JAN FISK, General A Councilmember,** ) | |
| **TOM BIEKER, former General D Councilmember,** ) ) | |
| **MIKE CARROLL, General D Councilmember,** ) | |
| **CRAIG FISHEL, Zone 4 Councilmember and** ) | |
| **CRAIG HOSMER, General B Councilmember,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**COME NOW** Plaintiffs Maranda Reynolds d/b/a Springfield Cannabis Regulation; Show-Me Cannabis Regulation, Inc.; and American Victory Coalition, Inc. by and through their attorneys of record, Carnahan, Evans, Cantwell & Brown, P.C., and for their causes of action against Defendants state and allege as follows:

1

1.     Plaintiff Maranda Reynolds d/b/a Springfield Cannabis Regulation, is a resident of Springfield, Missouri, a taxpayer in the City of Springfield, Missouri, a registered voter in Springfield, Missouri, and a circulator of an Initiative Petition to amend the Springfield City Code and has incurred damages including out-of-pocket expenses, time and effort as a circulator.

2.     Show-Me Cannabis Regulation, Inc. is a Missouri non-profit corporation in good standing which supported the efforts of other Plaintiffs' herein financially and has incurred damages including out-of-pocket expenses supporting the drive to obtain signatures for the Initiative Petition (the "Petition Effort").

3.     The American Victory Coalition, Inc. is an Oregon non-profit corporation in good standing which also incurred damages by financially supporting the Petition Effort.

4.     Defendant City of Springfield, Missouri (the "City") is a constitutional home rule city having adopted by a vote of the electorate a Home Rule Charter (the "City Charter") pursuant to Article VI, Section 19 of the Constitution of the State of Missouri and is a municipal corporation under the laws of the State of Missouri and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for the City and all other Defendants, or the City Clerk at 840 Boonville Avenue, Springfield, Missouri 65802.

5.     Defendant Bob Stephens is a necessary party and is the duly elected Mayor of Springfield, Missouri, and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants at 840 Boonville Avenue, Springfield, Missouri 65802.

6.     Defendant Greg Burris is a necessary party and is the duly appointed City

2

Manager of Springfield, Missouri, and is required to enforce all laws and ordinances within the City under Section 3.3 of the City Charter and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, or by serving the City Clerk at 840 Boonville Avenue, Springfield, Missouri 65802. Burris is named a party Defendant because the Plaintiffs seek prospective injunctive relief but do not seek damages individually from Defendant Burris as he fulfilled his Charter duties under Section 14.6 of the Springfield City Charter.

7.     Defendant Jeff Seifried is a necessary party and is the Zone 1 Councilmember and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802.

8.     Defendant Cindy Rushefsky is a necessary party and is the Zone 2 Councilmember and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802.

9.     Defendant Jerry Compton is a necessary party and is the Zone 3 Councilmember and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802.

10.     Defendant John Rush is a necessary party and was the General B Councilmember at all relevant times prior to April 2, 2013, and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802.

11.     Defendant Doug Burlison is a necessary party and is the General C

3

Councilmember and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802. Defendant Burlison is named as a party Defendant, as to Count IV only, solely because the Plaintiffs seek prospective injunctive relief but do not seek damages individually from Defendant Burlison because he fulfilled his Charter duties under Section 14.6 of the Springfield City Charter.

12.     Defendant Jan Fisk is a necessary party and is the General A Councilmember and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802.

13.     Defendant Thomas Bieker is a necessary party and was the General D Councilmember until April 2, 2013, at all times relevant hereto and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants at 840 Boonville Avenue, Springfield, Missouri 65802, or by serving Defendant Bieker at his address of 1447 W. Lindberg Street, Springfield, Missouri 65807.

14.     Craig Hosmer is a necessary party and is the General B Councilmember first elected to office on April 2, 2013, and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802. Defendant Hosmer is named as a party Defendant, as to Count IV only, solely because the Plaintiffs seek prospective injunctive relief.

15.     Mike Carroll is a necessary party and is the General D Councilmember first

4

elected to office on April 2, 2013, and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802. Defendant Carroll is named as a party Defendant, as to Count IV only, solely because the Plaintiffs seek prospective injunctive relief.

16. Defendant Craig Fishel is a necessary party and is the Zone 4 Councilmember first elected to office on April 2, 2013, and may be served by serving the City Attorney, Dan Wichmer, who has agreed to accept service for all Defendants, at 840 Boonville Avenue, Springfield, Missouri 65802. Defendant Fishel is named as a party Defendant, as to Count IV only, solely because Plaintiffs seek prospective injunctive relief.

## Jurisdiction and Venue

17. This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983, as hereinafter more fully appears. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

18. This action requests a finding and/or conclusion that the actions of the Defendants were illegal, violating the constitutional rights of the Plaintiffs by failing to call an election as required by law, and a mandatory injunction, as allowed by F.R.C.P. 65, with respect to the actions of the City and its officials; and namely, the Defendants' failure to call an election as required by Section 14.6 of the Springfield City Charter, by ordering that the Defendants restore the rights of Plaintiffs to the extent possible by calling an election for the November, 2014 ballot or the Presidential election date in November, 2016, or at such other date as Plaintiffs agree and damages as set forth and described herein for the violation of Plaintiffs' constitutional rights pursuant to 42 U. S.

5

C. §1988.

19.     Venue is proper in the Western District of Missouri, Southern Division, since the acts and transactions complained of herein all occurred within such District and Division.

## General Allegations

20.     Plaintiffs seek redress for violations of the rights, privileges and immunities secured under the First and Fourteenth Amendments to the Constitution of the United States by municipal officials as allowed by 42 U.S.C. § 1983.

21.     Plaintiffs pursue claims against each Defendant (except the City, Burris, Rushefsky, Hosmer, Carroll, Burlison and Fishel) in both their individual and official capacities on grounds that Defendants violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 8, 9 and 10 of the Missouri Constitution.

22.     Defendants Burris, Rushefsky, Hosmer, Carroll, Burlison and Fishel are named as Defendants solely in their official capacities as Councilmembers of the City Council of the City.

23.     When the voters of the City of Springfield adopted a Home Rule Charter pursuant to Article VI, Section 19 of the Constitution of the State of Missouri on March 17, 1953, it contained provisions in Article XIV thereof granting the electors of the City the right of direct democracy by allowing for the submission by petition to the voters ordinances for adoption by the majority vote of the qualified electors.

24.     Section 14.6 of the current City Charter is identical to its predecessor in the original City Charter, adopted by the voters in 1953, with the exception that in 1978

6

Section 14.6 was amended to provide that instead of being required to submit an ordinance at an election held within ninety (90) days after Council takes final action the City Council was required to submit the ordinance to the voters at the next regular election allowed by law.

25.     On August 6, 2012, City Council submitted to the voters Charter Amendment No. 2012-2 to amend Section 14.6 of the City Charter which would have, among other things, allowed the City Council by an affirmative vote of seven members of the City Council to amend or delete from an initiative petition facially invalid language and correct typographical errors prior to submitting the initiative to the voters and allow City Council to set another date for the election besides the next election day authorized by law, provided such election was held within one (1) year from the date City Council caused the initiative to be submitted to the voters. Charter Amendment No. 2012-2 was rejected by the voters on August 6, 2012.

26.     Pursuant to Article XIV of the Springfield City Charter (the "Charter"), a copy of which is attached hereto as **Exhibit "A"**, Plaintiffs and others collected sufficient signatures on an Initiative Petition (hereinafter referred to at times as the "Petitioners") to submit to the voters of the City of Springfield an Ordinance (the "Ordinance") as set forth in the "Petition" a copy of which is attached hereto as **Exhibit "B"** at times referred to as "Petition."

27.     The Ordinance contained a severance clause permitting any provision of such Ordinance held to be invalid to be removed by appropriate action without affecting the validity of the remainder of the Ordinance.

7

28.     Plaintiffs collected signatures on the Petition and submitted the same to the City Clerk specifically with the objective of having the Ordinance submitted to the voters for their consideration on November 6, 2012, the Presidential Election Day, which was the next available date that the City could call an   election on a ballot issue under Missouri law and the City Charter.

29.     Plaintiffs engaged consultants, including the use of focus groups, to determine that the Presidential Election Day in 2012 optimized the opportunity for passage of the Ordinance and incurred expenses related thereto and in preparing and gathering the signatures for the Petition.

30.     The Ordinance, among other things, reduced the penalties for possession of less than thirty five (35) grams of marijuana or marijuana paraphernalia by reducing the maximum fine from $1,000.00 and/or up to 180 days in jail to a maximum fine of $150.00.

31.     The Petition was submitted by the circulators of the Initiative Petition to Brenda Cirtin, City Clerk of the City of Springfield, Missouri, on July  13, 2012, pursuant to Section 14.3 of the Springfield City Charter.

32.     The City Clerk, pursuant to Section 14.4 of the City Charter, certified to City Council on August 2, 2012 that the Petition submitted by the Plaintiffs' was sufficient, having met all the requirements of the City Charter.

33.     Upon certification by the City Clerk that the Petition was sufficient, City Council had the duty under Section 14.6 of the City Charter to either adopt the Ordinance in the form submitted or submit without alteration the Ordinance to the voters at the next election date authorized by law.

8

34.     At the August 13, 2012, City Council meeting, Defendant, Greg Burris, in his capacity as City Manager of the City, correctly advised City Council that it had two options: "Adopt the bill as is without change or send it to the November Ballot".

35.     He further accurately advised that except for provisions pertaining to the creation of an oversight committee and expungement of convictions by the Municipal Court ". . . the balance of the Ordinance is legal."

36.     At the City Council meeting of August 27, 2012, Defendant, Greg Burris, again in his capacity as City Manager of the City, correctly advised City Council that if the City Council did not adopt the Ordinance in the Petition as set forth in Council Bill No. 2012-227, that the "…City Charter mandates the issue be sent to election".

37.     At the August 13, 2012 and August 27, 2012, City Council meetings, City Council considered Council Bill 2012-227, which contained therein the Ordinance in the form submitted in the Petition.

38.     Upon information and belief, at times relevant hereto, a majority of the Defendants stated that they would either amend or repeal Council Bill No. 2012-227 after it was adopted, or later admitted such prior intent, rather than submit the Ordinance to the voters on the General Election Date of November 6, 2012, as required by the City Charter, in violation of the Charter.

39.     At the meeting of August 27, 2012, City Council adopted the Ordinance proposed in the duly certified Petition as General Ordinance No. 6011, a copy of which is attached as "**Exhibit C**" by a vote of six (6) to three (3) with Defendants Fisk, Rush, Seifried, Bieker, Burlison and Mayor Stephens voting "Yes" for the adoption of General Ordinance No. 6011 and Compton, Bailes and Rushefsky voting "No".

9

40.     Within days after voting to adopt General Ordinance No. 6011, Defendants Rush, Seifried, Compton and Fisk - who voted to adopt General Ordinance No. 6011 - caused Council Bill No. 2012-254 to be prepared and submitted to the City Clerk as sponsors thereof, to repeal in its entirety General Ordinance No. 6011 by replacing it with the identical laws that existed prior to the passage of General Ordinance No. 6011, thereby reinstating the penalties of up to a $1,000.00 fine and 180 days in jail for possession of less than thirty-five (35) grams of marijuana and marijuana paraphernalia that were in force prior to August 27, 2012.

41.     At the meeting of September 24, 2012, Council Bill No. 2012-254 was read the second time and thereafter Defendants Rush, Seifried, Compton, Fisk, Beiker, Rushefsky and Mayor Stephens voted "Yes" to adopt Council Bill No. 2012-254, with Councilmember Bailes and Defendant Burlison voting "No".

42.     Council Bill No. 2012-254 was designated officially in the City records as General Ordinance No. 6014, a true and correct copy of which is attached hereto as **"Exhibit D",** which repealed in its entirety General Ordinance No. 6011, enacted four (4) weeks earlier and, as intended, prevented the Initiative from appearing on the November 2012 ballot.

43.     All of Defendants' actions alleged above and below were under the color of municipal (state) law.

44.     Such actions under color of state law denied Plaintiffs' their constitutional rights.

45.     As a direct result of such actions, the Plaintiffs sustained damages, some of which are irreparable, thus, requiring mandatory injunctive relief as requested below.

10

46. The deprivation of Plaintiffs' constitutional rights, as described herein above and below, was done pursuant to a governmental custom, policy, ordinance, regulation or decision.

47. Plaintiffs' injuries were as a result of such governmental policy, custom, regulation or decision.

48. As a result, the City itself is also responsible for the injury caused.

49. Defendants Stephens, Fisk, Rush, Seifried, Bieker, Rushefsky and Compton's actions constitute the final official policy of the City.

50. The execution of such policy or decision, made by the City's lawmakers or, alternatively, whose edicts or actions may fairly be said to represent official policy, inflicted the injury upon the Plaintiffs.

51. No "state" (including municipalities) shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## COUNT I

### VIOLATION OF PLAINTIFFS' RIGHT OF FREE SPEECH AND DUE PROCESS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES [14 U.S.C. § 1983 et seq.]

52. Plaintiffs reallege and hereby incorporate the above allegations as though fully set forth herein for their civil action pursuant to 42 U.S.C. § 1983 et seq.

53. Article XIV of the Springfield City Charter establishes the right to initiate ordinances for submission to the qualified electors of the City.

11

54.     Once citizens are granted the right to initiate and enact ordinances directly by a vote of the electorate, that right is protected by the Constitutions of the United States and Missouri.

55.     The right of the Plaintiffs to engage in the initiative process under the City Charter by expressing their views and disseminating ideas, including but not limited to the gathering of signatures and voting on the Ordinance, constitutes the exercise of Plaintiffs' right of free speech and the right to petition the government under the Free Speech Clause and the Petition Clause of the First Amendment to the Constitution of the United States and is protected by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

56.     At the meeting of August 27, 2012, Councilmembers Rush, Bieker, Seifried and Mayor Stephens contemporaneously stated prior to voting on General Ordinance No. 6011 their intent to amend or repeal General Ordinance No. 6011 after it was adopted in order to avoid calling an election on November 6, 2011.

57.     Within days after adopting General Ordinance No. 6011, Councilmembers Rush, Seifried, Compton and Fisk who had voted on August 27, 2012, to adopt General Ordinance No. 6011 introduced and sponsored Council Bill No. 2012-254 to repeal General Ordinance No. 6011 in its entirety.

58.     The action of City Council adopting General Ordinance No. 6011 and its immediate repeal within weeks was an illegal attempt to circumvent the intent of Section 14.6 of the Springfield City Charter because Defendants cannot do indirectly what Defendants are forbidden from doing directly.

12

59.     At times relevant hereto certain Defendants made disparaging statements about the Petitioners and their Petition showing that they were motivated improperly because they disliked the ideas espoused by the Petitioners, as shown by public statements of certain Defendants including, but not limited, to the following:

(a)  the petition was circulated by persons who were outsiders;

(b)  the circulators were not registered voters in Springfield;

(c)  the circulators were paid to collect signatures; and

(d)  that the election was a  waste of time and money.

60.     Hypocritically, while voting to adopt General Ordinance No. 6011, some Defendants continued to express their vehement opposition to the Ordinance with the intent of immediately repealing the Ordinance, to make it impossible for the Plaintiffs to seek judicial relief to force the Defendants to call the election on November 6, 2012, thereby depriving Plaintiffs of their constitutional right of free speech under the Free Speech Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

61.     The illegal actions of the City and Councilmember Defendants  (except Carroll, Fishel and Hosmer) in adopting General Ordinance No. 6011 on August 27, 2012, were intended to deprive and prevent the Plaintiffs from exercising their constitutional rights, in that prior to the vote to repeal on the evening of September 24, 2012, Plaintiffs had no cause of action or standing to challenge the actions of these Defendants and after September 25, 2012, Missouri law prohibited even a Court from issuing an Order to require a ballot issue to be added to the November 6, 2012, General Election Date. See RSMo. §115.125.

13

62.     Upon learning that these Defendants had repealed General Ordinance No. 6011 and reinstated the prior law by adopting General Ordinance No. 6014 with respect to the punishment for possession of marijuana and marijuana paraphernalia and that these Defendants would not call an election for the voters to consider the Ordinance in the Petition, Plaintiffs determined from the Greene County Election Official that these Defendants did not have the authority to add the ballot measure sought by the Plaintiffs in their Petition because the deadline for submitting ballot issues by the City of Springfield to the Election Official had expired by law on August 29, 2012; and that the election was already underway as the Election Official for the County had already mailed absentee ballots for the November 6, 2012, Presidential Election Date.

63.     As a matter of law, RSMo. §115.125 prohibited a court from adding a ballot issue to the November 6, 2012 election date after September 25, 2012.

64.     The actions taken by these Defendants were taken as part of a deliberate ruse and scheme to deny the Plaintiffs their rights under the City Charter and thus violated their rights to free speech, to petition the government, and to protect their right to vote and disseminate information to the voters under the law, all as protected by the First and Fourteenth Amendments to the United States Constitution.

65.     Plaintiffs are entitled to an award of their reasonable attorneys' fees pursuant to 42 U.S.C. §1988 which allows for a reasonable amount to the prevailing party in any proceedings pursuant to 42 U.S.C. §1983.

66.     The actions of Defendants City, Stephens, Seifried, Fisk, Rush and Bieker, all of whom voted to approve, then repeal the Ordinance, were with reckless, callous or serious indifference to, or disregard for, the federally protected rights of the Plaintiffs in

14

that these Defendants acted in the face of a perceived risk that their actions would violate the Plaintiffs' rights as described herein, and such actions allow for the imposition of punitive damages in order to punish such Defendants and deter others from similar conduct in an amount significant to each of their personal circumstances taking into consideration their personal net worth and income.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants (except Carroll, Fishel and Hosmer) declaring the actions of such Defendants unconstitutional as a deprivation of Plaintiffs' rights of free speech, to petition the government and to due process in violation of the United States Constitution, for compensatory damages against the City and compensatory and punitive damages from Defendants Stephens, Seifried, Fisk, Rush and Bieker, for reasonable attorneys' fees and expenses, pre and post judgment interest, costs of Court, and for such other and further relief as the Court deems just including such amounts as the trier of fact deems will fairly and justly compensate Plaintiffs for damages sustained as a direct result of such Defendants' actions.

<u>**COUNT II**</u>

<u>**VIOLATION OF PLAINTIFFS' RIGHTS**</u>
<u>**TO FREE SPEECH AND EQUAL PROTECTION**</u>

67. Plaintiffs reallege and hereby incorporate the above allegations as though fully set forth herein for this civil action pursuant to 42 U.S.C. § 1983 et seq.

68. Since the adoption of the City Charter in 1953, the City Clerk has certified a number of initiative petitions as valid to the City Council.

69. To the best of Plaintiffs' knowledge and belief, Plaintiffs were treated differently than any other person or group that had submitted an initiative petition,

15

which was certified as valid by the City Clerk since the adoption of Article XVI of the City Charter in 1953.

70.　　The actions of the Defendants (except Carroll, Fishel and Hosmer) were different and singularly unique from actions taken by the City with respect to other persons or groups that had submitted valid initiative petitions in the following respects:

(a) Adopting the Ordinance requested by the Plaintiffs in order to avoid calling an election submitting the Ordinance to the voters pursuant to Section 14.6 of the City Charter;

(b) Adopting the Ordinance pursuant to Section 14.6 of the City Charter and repealing it in its entirety within weeks after its adoption thereby reinstating the law that was in force prior to the adoption of the Ordinance in order to avoid calling an election;

(c) Refusing to call an election pursuant to Section 14.6 of the City Charter on the grounds that the election cost too much money and/or the initiative would fail and/or the petition was circulated by persons who were outsiders; and/or that the circulators were not registered voters in Springfield; and/or that the circulators were paid to collect signatures; and/or belief it should be amended; and/or other invalid reasons;

(d) Adopting an ordinance pursuant to Section 14.6 of the City Charter and subsequently repealing the Ordinance in order to deny petitioners their right to have the voters consider an Ordinance by running out the clock on the statutory time for Plaintiffs to seek judicial relief thereby denying Plaintiffs the right to request a court to issue an order directing the City to submit the Ordinance to the voters on November 6, 2012;

(e) Stating during the debate on the Ordinance, within days after the adoption of the Ordinance and at other times relevant hereto, that the Defendants intended to repeal in its entirety the Ordinance they adopted, all within weeks of its adoption; and

(f) Stating while considering the Ordinance pursuant to Section 14.6 of the City Charter, that some Defendants were opposed to the ideas expressed in the Initiative Petition while contemptuously voting individually to adopt the very Ordinance they opposed so that it could be repealed within weeks.

71.　　That the actions as described above were directly contrary to Charter Amendment 2012-2 that the voters had recently rejected on August 7, 2012 and the long

16

standing practices of the City since the adoption of section 14.6 of the City Charter in 1953.

72. The above described actions and/or statements show that these Defendants applied a different and unlawful standard to the Plaintiffs than what they applied to other persons whose initiative petitions were certified by the City Clerk as sufficient.

73. The above described actions taken by these Defendants denied the Plaintiffs under color of law the right of free speech and equal protection of the law under the Fourteenth Amendment to the United States Constitution based on these Defendants' opposition to the ideas of the Plaintiffs thereby singling out Plaintiffs for different treatment from others similarly situated, thus denying Plaintiffs the right to freely disseminate their ideas and have the voters consider such ideas through the initiative process pursuant to Article XIV of the City Charter.

74. The actions of, and statements made by, these Defendants were a deliberate ruse, scheme and subterfuge showing these Defendants were motivated by vindictive, illegitimate and/or personal animus, ill will, malice and/or bad faith toward the Plaintiffs with the intent to deprive Plaintiffs of their constitutional rights and contempt for the rule of law thereby depriving the Plaintiffs of their constitutional rights to free speech, to petition the government and to equal protection under the First and Fourteenth Amendments to the United States Constitution by singling out Plaintiffs for different treatment from others similarly situated as described above without a rational basis for the difference.

17

75.     Plaintiffs are entitled to an award of their reasonable attorneys' fees pursuant to 42 U.S.C. §1988 which allows for a reasonable amount to the prevailing party in any proceedings pursuant to 42 U.S.C. §1983.

76.     The actions of Defendants City, Stephens, Seifried, Fisk, Rush and Bieker, all of whom voted to approve, then promptly repeal the Ordinance, were with reckless or callous or serious  indifference to, or disregard for, the federally protected rights of the Plaintiffs in that such Defendants acted in the face of a perceived risk that their actions would violate the Plaintiffs' rights as described herein, and such actions allow for the imposition of punitive damages in order to punish such Defendants and deter others from similar conduct in an amount significant to each of their personal circumstances taking into consideration their personal net worth and income.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants (except for Carroll, Fishel and Hosmer) declaring the actions of the Defendants unconstitutional as a deprivation of Plaintiffs' rights to free speech, to petition the government and to equal protection under the First and Fourteenth Amendment to the United States Constitution and for compensatory damages from the City and compensatory and punitive damages from Stephens, Seifried, Fisk, Rush and Bieker, reasonable attorneys' fees and expenses, pre and post judgment interest, costs of Court, and for such other and further relief as the Court deems just including such amounts as the trier of fact deems will fairly and justly, compensate Plaintiffs for damages  sustained as a direct result of these Defendants' actions.

## COUNT III

### VIOLATION OF PLAINTIFFS' RIGHTS OF FREE SPEECH, DUE PROCESS, EQUAL PROTECTION, AND THE RIGHT TO PETITION

18

77.     Plaintiffs reallege and hereby incorporate the above allegations as though fully set forth herein.

78.     Sections 8, 9 and 10 of Article I of the Constitution of the State of Missouri protect the right of free speech, the right to petition for redress of grievances and the right to due process and equal protection of the laws.

79.     The actions of the Defendants (except for Carroll, Fishel and Hosmer) as described in Counts I and II of this Complaint denied Plaintiffs their rights of free speech, due process and equal protection and the right to petition for redress of grievances in violation of Article I, Sections 8, 9, and 10 of the Constitution of the State of Missouri.

80.     The actions of, and statements made by, these Defendants were a deliberate ruse, scheme and subterfuge showing these Defendants were motivated by vindictive, illegitimate and/or personal animus, ill will, malice and/or bad faith toward the Plaintiffs with the intent to deprive Plaintiffs of their constitutional rights to free speech, to petition the government for the redress of grievances and to equal protection under Article I, Sections 8, 9, 10 of the Missouri Constitution.

81.     The above described actions taken by these Defendants denied the Plaintiffs under color of law the rights of free speech, due process, equal protection and the right to petition the government for redress of grievances under Article I, Sections 8, 9 and 10 of the Constitution of the state of Missouri.

82.     The actions of Defendants City, Stephens, Seifried, Fisk, Rush and Bieker were shocking and outrageous and allow for the imposition of punitive damages in order to punish such Defendants and deter others from similar conduct in an amount significant

19

to each of their personal circumstances taking into consideration their personal net worth and income.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants (except for Carroll, Fishel and Hosmer) declaring the actions of these Defendants to be unconstitutional, a deprivation of Plaintiffs' rights to free speech, due process, equal protection and the right to petition the government for the redress of grievances  in violation of Sections 8, 9 and 10 of Article I of the Missouri Constitution, for compensatory damages from the City and compensatory and punitive damages from Stephens, Seifried, Fisk, Rush and Bieker, for reasonable attorneys' fees and expenses, pre and post judgment interest, costs of Court, and for such other and further relief as the trier of fact determines including such amounts as the trier of fact deems will fairly and justly compensate Plaintiffs for damages sustained as a direct result of these Defendants' actions.

## COUNT IV

## APPLICATION FOR MANDATORY INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

83.     Plaintiffs reallege and hereby incorporate the above allegations as though fully set forth herein for this cause of action pursuant to F.R.C.P. 65 and 28 U.S.C. § 2201.

84.     The failure of the Defendants to call an election to submit the Ordinance to the voters on November 6, 2012  (the next election date authorized by law) caused the Plaintiffs irreparable harm and damages that cannot be remedied solely by damages because the Presidential Election Date on November 6, 2012, presented a unique opportunity for Plaintiffs to disseminate and express their views to the voters, and for the

20

voters to express their views, not afforded by the calling of an election on any other election date due to the high voter turnout and the mix of voters at the Presidential Election Date of 2012 as shown by advice from Plaintiffs' consultants, polling data, and other information.

85.     Plaintiffs do not have an adequate remedy at law because damages will not adequately compensate the Plaintiffs for the failure of the Defendants to submit the Ordinance to the voters on November 6, 2012.

86.     Section 14.1 of the Springfield City Charter pertaining to the number of signatures required for an initiative petition was amended by the voters on August 6, 2012, substantially and exponentially increasing the number of signatures required for an initiative petition (estimated to be an increase of at least 300%) thereby significantly increasing the burden for petitioners to gather signatures for any future initiative.

87.     The actions taken by the Defendants (except Carroll, Fishel and Hosmer) as described herein above were taken deliberately and with malice, bad faith, ill will and personal animus against the Plaintiffs and the ideas advocated by the Plaintiffs as part of a deliberate ruse and scheme to avoid Defendants' duty to call an election on November 6, 2012, thereby denying Plaintiffs their right to vote, express their opinions and disseminate information to the public about the Ordinance, denying Plaintiffs the right to free speech, to petition the government, to due process and equal protection.

88.     Defendants' adoption of the Ordinance and the repeal of the Ordinance within weeks after adopting the Ordinance were taken under color of law, in order to avoid calling an election on November 6, 2012, as required by Section 14.6 of the City Charter.

21

89. The above described actions of these Defendants denied the Plaintiffs, under color of law, the rights to free speech, to petition the government for redress of grievances, to due process and equal protection, all guaranteed by the First and Fourteenth Amendments to the United States Constitution.

90. The above described actions also violated Article I, Sections 8, 9 and 10 of the Missouri Constitution.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment directing and ordering the Defendants (except Defendants Rush and Bieker), in compliance with F.R.C.P. 65(d), to call an election on the November, 2014 ballot or at the next Presidential Election Date in November of 2016, or at such time as the Plaintiffs may agree submitting the Ordinance to the voters of the City, and declaring the actions of the Defendants (except Carroll, Fishel and Hosmer), in denying the Plaintiffs their right to have the Ordinance submitted to the voters, unconstitutional as a violation of Plaintiffs' rights to free speech, to petition the government for redress of grievances, to due process and equal protection as guaranteed by the Missouri Constitution and/or the First and Fourteenth Amendments to the United States Constitution, awarding Plaintiffs reasonable attorneys' fees and all costs of Court, and for such other and further relief including equitable relief as the Court deems just.

## JURY TRIAL DEMANDED

In accordance with Local Rule 38.1 and Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.

22

Respectfully submitted,

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.

By: _____ /s/ _____

Joseph D. Sheppard, III
Missouri Bar No. 37525

By: _____ /s/ _____

Christiaan D. Horton
Missouri Bar No. 46003

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009
Springfield, Missouri 65808-0009
Phone: (417) 447-4400
Fax: (417) 447-4401
E-mail: jsheppard@cecb.com
E-mail: hwright@cecb.com
ATTORNEYS FOR PLAINTIFFS

JDS/RSS
14843-002/Doc #446306_6
7/2/2013

23